IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JESUS SANCHEZ-CHACON, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:20-CV-682-O |
| | § | |
| BOBBY LUMPKIN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## **OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Jesus Sanchez-Chacon, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

Petitioner is currently serving three 5-year sentences in TDCJ for his 2019 convictions in Parker County, Texas, Case Nos. CR19-0044, CR19-0045, and CR19-0046, for theft, possession of a controlled substance, and evading arrest. Resp't's Preliminary Answer 2-3, ECF No. 12. While in state custody, Petitioner was transferred into federal custody pursuant to a writ of habeas corpus *ad prosequendum* to answer charges pending in this Court. Writ, United States v. Sanchez-Chacon, Case No. 4:19-CR-003-A(01), ECF No. 7. On May 17, 2019, Petitioner was sentenced in this Court on his plea of guilty to a 70-month term of imprisonment for illegal reentry after deportation. J., ECF No. 31. His federal sentence was ordered to run consecutively to any sentences in the Parker County cases. *Id.* Thereafter, Petitioner was returned to state custody. In this bare-bones petition, Petitioner

seeks "to be transferred to a B.O.P federal prison" from TDCJ. Pet. 7, ECF No. 1.

## II. DISCUSSION

"Determination of priority of custody and service of sentence between state and federal sovereigns is a matter of comity to be resolved by the executive branches of the two sovereigns. Normally, the sovereign which firsts arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration." *United States v. Warren,* 610 F.2d 680, 684–85 (9th Cir. 1980). Because Petitioner was in state custody at the time of his indictment and sentencing in federal court, the state, as the first sovereign to arrest him, has priority of jurisdiction over him, unless its priority was relinquished. *Id* .; *Thomas v. Brewer,* 923 F.2d 1361, 1365 (9th Cir. 1991). Producing a state prisoner for sentencing in federal court via a writ of habeas corpus *ad prosequendum,* as happened here, does not relinquish state custody. *Thomas,* 923 F.2d at 1366–67. Furthermore, a federal district court's authority "does not include a general authority to transfer an inmate from state to federal custody." *Warren,* 610 F.2d at 684. Because this Court has no authority to grant the relief requested, the petition should be denied.

## III. CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 12th day of February, 2021.

Reed O'Connor
UNITED STATES DISTRICT JUDGE